PeR Cueiam.
On the 28th of August, 1812, John B. Cheat-ham procured a certiorari to be issued, and removed two causes from the County Court of Robertson to the Circuit Court. In his petition he states that John Jones recovered judgment against him at November sessions, 1811, for five dollars and costs, in consequence of an execution put into his hands by said Jones & Co., against Betsy Coleman, who he says was insolvent, and that the executions were duly returned. Also he states, that Jones & Co. obtained another judgment against him, May sessions, 1812, for the sum of f 35 and costs, which he paid to the said Jones & Co.; that these judgments were rendered without any notice, and that he was not apprised of them till after the adjournment of the court. One of the records certified is a judgment of the 12th of February, 1812. On motion of John Jones & Co., against John B. Cheatham, late sheriff, Anderson Cheatham, Giles Connel, and John Brooks, for $5.22J, and 93¿ cents, the amount of a judgment in favor of the plaintiffs against Betsy Holmon, which the said sheriff failed to collect or return. On this judgment execution issued in June, 1812. The other judgment was rendered at May term, 1812: John Jones & Co. against John B. Cheatham, Anderson Cheatham, John Coonts, Jeremiah Batts, and Isaac Johnston. On motion to recover the sum of $36.37|, and the costs, being the amount of an execution put into the hands of John B. Cheatham, whilst sheriff of this county, to collect; therefore it is considered that the plaintiffs recover of * the defendants, &c. In the Circuit Court, the cause of John Jones & Co. against John B. Cheatham and others, was continued at April and October, 1813, and April, 1814. At October, 1814, John Jones & Co. against John B. Cheatham and his securities; motion. The parties appeared by their attorneys, after solemn argument had thereon, the plaintiff was solemnly called, and came not; therefore it is considered that the defendant may depart hence, &c., and recover, &c. At April term, 1815, the record proceeds thus : John Jones & Co. against John B. Cheatham and others ; certiorari. A jury impaneled and sworn, *545 on the issue joined, found for the plaintiffs, and assess damages to $51.68^, and costs; for which sum judgment was rendered, and the cause removed to this court by writ of error.
Now, which set of defendants was it that was discharged in the Circuit Court, October, 1814? The parties appeared; on argument the plaintiffs called, came not, and judgment was entered for the defendants to go without day. It does not appear in which of these causes, if in either, this took place. The judgment afterwards rendered was possibly upon one of them, but it is not specified which, nor can it be ascertained ; nor can it be pleaded hereafter in bar to another motion for the same cause. If the meaning was that the defendants in both causes should go without day, as to both, then the causes afterwards heard were recontinued and consolidated, and the sureties of the sheriff liable for the five dollars, are now, jointly with the other parties, liable for the $36 as well as the five; and the execution upon the last judgment given in the Circuit Court may be levied for the whole, on one of the sureties liable only for the five dollars. Thus, for want of certainty as to the cause or causes the defendants were discharged from, there is an insuperable uncertainty as to the * cause in which judgment was entered ; and even if this difficulty could be conquered, it does not appear anywhere upon the record on what ground the motion was made as to the $36, whether for not returning or not paying ; nor is the execution described by stating the name of the defendant in it, nor indeed that of the plaintiff. A judgment upon such a motion, for want of more specification, cannot be pleaded in bar.

Let the judgment be reversed.

See Boyd v. Baynham, 5 Hum. 386; Boykin v. State, 3 Yer. 426; Harman v. Childers, 3 Yer. 326; Winchester v. Bearden, 10 Hum. 247; Robertson v. Netherton, 2 Tenn. 326; Patterson v. Butterworth, 4 Yer. 158; Jones v. Read, 1 Hum. 344; Hamilton v. Burum, 3 Yer. 355; Ferrell v. Finch, 8 Yer. 432; Ragsdale v. State, 2 Swan, 416; Crockett v. Parkison, 3 Cold. 219; Gardner v. Carroll, 7 Yer. 365; Porter v. Webb, 4 Yer. 161; Hubbard v. Cole, 9 Yer. 502; Miller v. Holt, 1 Tenn. 49; King’s Digest, 7538-44, 11,207, 11,246.